**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEANGELO THOMAS-EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00992-SRC |
| | ) |
| ASHLEY M. MEYER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff DeAngelo Thomas-El, an inmate at the Potosi Correctional Center ("PCC"), for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court grants the motion and assesses an initial partial filing fee of $53.88. Additionally, the Court grants plaintiff the opportunity to file an amended complaint and denies without prejudice his motion seeking the appointment of counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect, an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly deposit of $269.44, and an average monthly balance of $134.59. The Court must therefore assess an initial partial filing fee of $53.88, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914–15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a frequent litigant.[1] He initiated the case at bar by filing a complaint pursuant to 42 U.S.C. § 1983 against Ashley M. Meyer, Director of Offender Finance at the Missouri Department of Corrections ("MDOC"). Plaintiff sues Meyer in her individual and official capacities. Plaintiff alleges that his inmate trust account is debited each month to satisfy outstanding fee debt he owes for state and federal cases he has filed. He claims Meyer is liable to him because she wrongfully refused to leave at least $5 in his account for him to use to buy necessities. Specifically, plaintiff alleges as follows.

In August of 2020, plaintiff wrote to the MDOC finance office and asked that $5 be left in his account each month so that he could buy hygiene items. Plaintiff writes:

---

[1] To date, plaintiff has filed a total of seven prisoner civil rights actions in this Court, two of which were dismissed for one of the reasons set forth in 28 U.S.C. § 1915(g). *See Thomas-El v. Alfero, et al.*, No. 4:20-cv-00409-PLC (E.D. Mo. Mar. 17, 2020); *Thomas-El v. Precythe, et al.,* No. 2:19-cv-00049-SPM (E.D. Mo. Jun. 24, 2019).

3

> On August 31, 2020, Ms. Ashley Meyer responded, informing me that "Access to $5.00 [] does not apply when you have debt for federal and state filing fees." On several occasions after receiving this response, I prostituted myself for hygiene items and legal supplies.

Doc. 1 at p. 4.

On December 21, 2020, plaintiff was "escorted to the Administrative Segregation Housing Unit" and did not receive "the hygiene items that I had in my property." *Id.* He wrote to Meyer on January 7, 2021, to ask that she leave him $5 so he could obtain hygiene items. In response, Meyer told him that the "minimum of $5.00 restriction does not apply when you owe filing fee debt." *Id.* Plaintiff writes:

> On several occasions after this response I prostituted myself for hygiene items because all but one dollar and fifty cents ($1.50) was deducted from my monthly pay. From August 31, 2020 to June 21, 2021, I was forced to prostitute myself for hygiene items because Ashley M. Meyer refused to leave me enough money out my monthly pay to purchase those needed hygiene items.

*Id.* at 4–5. Plaintiff identifies certain injuries he suffered but does not explain how they are attributable to the lack of any particular hygiene item. He seeks a total of $100,000 in damages.

**Discussion**

The Court first considers plaintiff's individual-capacity claims against Meyer. Plaintiff can be understood to claim Meyer violated his rights secured by the Eighth Amendment, under which prisoners are entitled to humane treatment and the basic necessities of life. *Goff v. Menke*, 672 F.2d 702, 705 (8th Cir. 1982). Those necessities include adequate hygiene supplies, and the "long-term, repeated deprivation of adequate hygiene supplies violates inmates' Eighth Amendment rights." *Meyers v. Hundley,* 101 F.3d 542, 544 (8th Cir. 1996).

A prison official can be held liable for violating the Eighth Amendment when two requirements are met. First, plaintiff must show that objectively, the alleged deprivation was sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This requirement is met if the

4

alleged deprivation denied plaintiff "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Next, plaintiff must show that objectively, the defendant acted with deliberate indifference, meaning that the defendant actually knew of, and deliberately disregarded, an excessive risk to his health or safety. *Farmer*, 511 U.S. at 834; *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995).

In the case at bar, plaintiff's allegations do not permit the inference that he suffered a sufficiently serious deprivation. Plaintiff neither identifies the hygiene item or items he allegedly lacked, nor explains how the alleged lack of any particular hygiene item affected his health. Without more factual detail, the Court cannot conclude that plaintiff has plausibly alleged the type of severe deprivation that would give rise to an Eighth Amendment violation.

Even if the Court were to presume plaintiff had established a sufficiently severe deprivation, his allegations would not state a plausible Eighth Amendment claim because they do not establish that Meyer deliberately disregarded an excessive risk to his health or safety. Instead, he focuses upon Meyer's alleged mismanagement of his inmate account. Additionally, while not alone dispositive, the above-referenced certified inmate account statement that plaintiff submitted belies his assertion that Meyer or anyone else debited his account below $5 in June of 2021.

Plaintiff also briefly mentions his inability to afford legal supplies. However, he alleges nothing permitting the inference that Meyer's action or inaction deprived him of a specific opportunity to defend himself or advance a viable legal claim in any matter. Plaintiff therefore fails to demonstrate he suffered an actual injury, as required to maintain a First Amendment access-to-courts claim. *See Lewis v Casey*, 518 U.S. 343, 351 (1996); *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996).

For the foregoing reasons, the Court concludes that the complaint fails to state a claim of constitutional dimension against Meyer in her individual capacity. Furthermore, Meyer, in her official capacity, is not a "person" under § 1983, *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and the Eleventh Amendment bars plaintiff's official-capacity suit for damages against her. *See Webb v. City of Maplewood,* 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *see also Walker v. Mo. Dep't of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing MDOC as a state agency). Accordingly, the complaint is subject to dismissal.

In consideration of plaintiff's self-represented status, the Court will not dismiss this action at this time and will instead give plaintiff the opportunity to file an amended complaint. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties. . ."). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and

plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff is advised he may not amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, plaintiff must file a single comprehensive amended complaint that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Plaintiff has also filed a motion to appoint counsel. The Court denies the motion without prejudice. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining the propriety of appointing counsel, a court considers factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, it cannot be said plaintiff has stated a non-frivolous claim because he has yet to file a pleading that survives initial review. Also, nothing in the record indicates that the factual or legal issues in this case are complex, or that plaintiff is incapable of representing himself. The Court therefore concludes the appointment of counsel is unwarranted. However, recognizing that circumstances may change, the Court denies the motion for appointment of counsel without prejudice and will entertain future such motions as appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's [2] motion seeking leave to commence this action without prepaying fees or costs is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $53.88. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

8

prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that plaintiff's [4] motion for the appointment of counsel is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 12th day of November 2021.

SL R. CR

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE