UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEANGELO THOMAS-EL, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-00992-SRC |
| | ) | |
| ASHLEY M. MEYER, | ) | |
| | ) | |
| Defendant(s). | ) | |

**Memorandum and Order**

This matter is before the Court upon review of an amended complaint filed by plaintiff DeAngelo Thomas-El, a prisoner who is proceeding pro se and in forma pauperis. For the reasons explained below, this action will be dismissed without further proceedings.

**Background**

Plaintiff, a serial litigant,[1] filed the original complaint against Ashley M. Meyer, the Director of Offender Finance for the Missouri Department of Corrections (MDOC). The background of this case is fully set forth in this Court's November 12, 2021, Memorandum and Order, but the Court reiterates the essential facts here.

In the original complaint, plaintiff sought damages from Meyer based on her refusal to leave $5 from his monthly pay in his account each month for him to spend on hygiene supplies. Plaintiff alleged that after Meyer's refusal, he engaged in sex acts with other inmates in exchange

---

[1] This action is one of seven prisoner civil rights actions plaintiff has filed thus far in this Court. Additionally, plaintiff has filed two prisoner civil rights cases in the United States District Court for the Western District of Missouri. Although plaintiff indicates in the amended complaint that he has had a case dismissed on the basis of the "three strikes" rule of 28 U.S.C. § 1915(g), independent review shows that only two of plaintiff's previous cases were dismissed for one of the reasons set forth in § 1915(g). *See Thomas-El v. Alfero, et al.*, No. 4:20-cv-00409-PLC (E.D. Mo. Mar. 17, 2020); *Thomas-El v. Precythe, et al.,* No. 2:19-cv-00049-SPM (E.D. Mo. Jun. 24, 2019).

for hygiene items and legal supplies. He identified injuries he suffered, but did not attribute them to the lack of any particular hygiene item or items. Plaintiff also claimed he was not given the hygiene supplies from his property when he was taken to Administrative Segregation. He sought monetary relief.[2]

The Court granted plaintiff's motion for leave to proceed in forma pauperis and reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2). In its November 12, 2021, Memorandum and Order the Court noted that plaintiff's allegations did not establish the sort of long-term, repeated deprivation of hygiene items that would implicate the Eighth Amendment, and that even if they had, plaintiff did not allege that Meyer was aware of, and deliberately disregarded, a risk to his health or safety. The Court noted that plaintiff instead focused upon Meyer's alleged mismanagement of his inmate account. Finally, the Court noted that plaintiff's statement concerning access to legal supplies did not state a viable First-Amendment claim, and that his allegations did not state a claim against Meyer in her official capacity.

The Court concluded this action was subject to dismissal for failure to state a claim upon which relief may be granted, but gave plaintiff the opportunity to file an amended complaint. In so doing, the Court clearly explained the reasons the case was subject to dismissal and gave plaintiff clear instructions about how to prepare the amended complaint. The Court advised plaintiff that it was important for him to allege facts explaining how the defendant was personally involved in or directly responsible for causing harm. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

---

[2] In *Thomas-El v. Francis, et al.*, No. 4:20-CV-589-SNLJ (E.D. Mo. Apr. 29, 2020), plaintiff claims other prison officials wrongfully deprived him of necessary hygiene items. At present, the matter remains pending.

**Legal Standard on Initial Review**

The law requires this Court to review complaints filed in forma pauperis, and the Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*,

623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914–15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Meyer in her individual capacity.  He claims she violated his Eighth-Amendment rights when she refused his request to leave $5 from his monthly pay in his account.  In support, plaintiff alleges as follows.

Plaintiff's case worker told him he was entitled to have $5 from his monthly pay left in his account.  Subsequently, on August 26, 2020, plaintiff wrote to the prison's Finance Office and asked "that I be allowed the five dollars ($5.00) a month out of my monthly pay so that I can purchase hygiene items, such as toothpaste and deodorant."  Doc. 7 at p. 4.  Next, plaintiff writes:

> On August 31, 2020, Defendant Ashley Meyer responded, informing me that 'Access to $5.00 does not apply when you have debt for Federal and State Filing Fees. I did not have any soap, toothpaste, nor deodorant at this time and therefore I was forced to give oral and anal sex which is against the Missouri Department of Corrections Conduct Rules. I had to prostitute myself for soap, toothpaste and deodorant in violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.

*Id.*  On August 31, 2020, plaintiff filed an Informal Resolution Request ("IRR") in which he asserted "that I should be left the $5.00 dollars allowed to purchase the soap, toothpaste and deodorant that I needed to take care of and have good hygiene that's required by certain policies and Standard Operating Procedures which are governed Missouri Revised Statute Chapter 217." *Id.* at p. 5.  Plaintiff does not allege he complained about Meyer in the IRR, nor does he allege she was involved in addressing it or was aware of it.

4

On December 21, 2020, plaintiff was taken to Administrative Segregation "in retaliation filing the Informal Resolution Request." *Id.* Plaintiff does not allege Meyer was involved in his assignment to administrative segregation; he does not identify who was responsible, and he fails to explain why he believes the placement was retaliatory. Plaintiff does allege that while in administrative segregation, he was not given the hygiene items that were in his personal property, and therefore again wrote to Meyer to ask that $5 be left in his inmate account. In response, Meyer stated: "A minimum of $5.00 restriction does not apply when you owe filing fee debt." *Id.* Plaintiff alleges he was therefore forced to engage in sex acts.

Plaintiff also states that from August 31, 2020, to May 31, 2021, he was forced to choose between filing legal documents with the courts and having necessary hygiene supplies. However, he does not identify any particular case or claim that he was unable to pursue. Plaintiff claims that because Meyer did not grant his request to leave $5 in his inmate account, he "suffered severe anal pain, mental anguish, humiliation, diminished oral health and forced to prostitute myself for soap, toothpaste and deodorant." *Id.* at p. 7. He seeks monetary relief.

## Discussion

Under the Eighth Amendment, prisoners are entitled to humane treatment, and to the basic necessities of life. *Goff v. Menke*, 672 F.2d 702, 705 (8th Cir. 1982). Those necessities include adequate hygiene supplies, and the "long-term, repeated deprivation of adequate hygiene supplies violates inmates' Eighth Amendment rights." *Meyers v. Hundley,* 101 F.3d 542, 544 (8th Cir. 1996).

A prison official can be held liable for violating the Eighth Amendment when two requirements are met. First, a plaintiff must show that the alleged deprivation was sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This requirement is met if the alleged

5

deprivation denied plaintiff "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Next, a plaintiff must show that the defendant acted with deliberate indifference, meaning that the defendant actually knew of, and deliberately disregarded, an excessive risk to his health or safety.  *Farmer*, 511 U.S. at 834; *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995).

The amended complaint, like the original, fails to state a plausible Eighth Amendment claim against Meyer.  The Court will assume, for the sake of this discussion, that plaintiff has sufficiently alleged he suffered the sort of severe deprivation of necessary hygiene supplies that would implicate the Eighth Amendment.  However, plaintiff alleges nothing permitting the inference that Meyer actually knew of, and yet deliberately disregarded, an excessive risk to his health or safety.  Plaintiff alleges only that he asked Meyer to leave him $5 from his monthly pay for him to spend on hygiene supplies.  He does not allege he told her, or that she was otherwise aware, that he actually lacked necessary hygiene supplies or other items.  Plaintiff also fails to allege he told Meyer, or that she was otherwise aware, that unless she left him $5 from his monthly pay, he would have no reasonable means to obtain any needed items or would be forced to engage in acts of prostitution.  Instead, as in the original complaint, plaintiff clearly focuses his allegations upon Meyer's alleged mismanagement of his inmate account.  However, such allegations do not state a plausible Eighth-Amendment claim against Meyer.

To the extent plaintiff argues that Meyer violated his constitutional rights by recouping multiple filing fees to the point his account was exhausted, such allegations do not state a cognizable claim for relief.  *See Bruce v. Samuels*, 136 S. Ct. 627, 62 (2016) (holding that the in forma pauperis statute calls for simultaneous, not sequential, recoupment of multiple filing fees incurred by an indigent prisoner and recognizing that a prisoner who had filed five actions could

6

exhaust his prisoner account each month).  To the extent plaintiff argues that Meyer violated procedures established by the institution's own rules, he fails to state a claim of constitutional dimension.  *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

Plaintiff also states he was placed in Administrative Segregation in retaliation for filing an IRR.  Filing an IRR amounts to constitutionally protected activity.  However, plaintiff alleges no facts permitting the inference that Meyer was the subject of the IRR or was aware of it, or that she was involved in, or aware of, his placement in Administrative Segregation.  He simply fails to allege facts that would state a claim based upon alleged retaliatory discipline.  *See Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007) (noting the elements of a viable retaliatory discipline claim).

Finally, plaintiff states that for a period of time, he was forced to choose between filing unspecified legal documents and having hygiene supplies.  However, as in the original complaint, plaintiff alleges nothing permitting the inference that Meyer's action or inaction deprived him of a specific opportunity to defend himself or advance a viable legal claim in any matter.  He therefore fails to demonstrate he suffered an actual injury, as required to maintain a First-Amendment access-to-courts claim.  *See Lewis v Casey*, 518 U.S. 343, 351 (1996); *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996).  As the Court previously advised plaintiff, he is required to allege facts in support of his claims, *see Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), and the Court will not now assume facts he has not alleged.  *See Stone*, 364 F.3d at 914.

Therefore, for the foregoing reasons, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B).  This is not a situation in which leave to file a second amended

complaint is appropriate.  Plaintiff clearly intends to rest his claims upon the particular allegations set forth herein, and as explained, those allegations do not state claims for relief.

## Conclusion

Accordingly, the Court dismisses this case without prejudice.  A separate order of dismissal accompanies this order.  The Court certifies that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of February 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE