UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEANGELO THOMAS-EL, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00992-SRC |
| | ) |
| ASHLEY MEYER, | ) |
| | ) |
| Defendant(s). | ) |

### Memorandum and Order

This closed civil matter is before the Court on plaintiff DeAngelo Thomas-El's post-judgment motion entitled "Plaintiff's Motion to Alter or Amend the Judgment." Doc. 14. In the motion, Thomas-El states that he proceeds pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and he asks the Court to alter or amend its prior dismissal of this case. The Court denies Thomas-El's motion.

### Background

The Court's prior orders fully set forth the background of this case, but the Court recites the essential facts here. Thomas-El is a Missouri prisoner and a frequent pro se and in forma pauperis litigant. At all times relevant to this action, he was incarcerated at the Potosi Correctional Center ("PCC") in Mineral Point, Missouri. Thomas-El filed his original complaint on August 9, 2021, against Ashley Meyer. He identified Meyer as the Director of Offender Finance at the Missouri Department of Corrections ("MDOC") in Jefferson City, Missouri.

Thomas-El's claims against Meyer concerned her alleged mismanagement of his monthly pay in his inmate account. He alleged that each month, his pay was debited to satisfy court-filing-fee debts. He claimed Meyer violated his Eighth Amendment rights when she refused his request to leave a minimum of $5.00 from his pay in his account, in accordance with MDOC

policy.  Thomas-El alleged he told Meyer he intended to spend that money on hygiene supplies, and he briefly mentioned legal supplies, but he did not allege that he told Meyer he lacked other legitimate means to obtain any needed supplies.  He did allege that, after Meyer failed to honor his request, he engaged in sex acts with other inmates in exchange for supplies.  Thomas-El did not allege facts permitting the inference that he suffered a long-term deprivation of hygiene supplies that adversely affected his health, nor did he allege facts that would state a claim premised upon denial of access to the courts.

     Upon initial review, the Court concluded that Thomas-El's allegations failed to establish the sort of long-term, repeated deprivation of hygiene items that would implicate the Eighth Amendment.  The Court further determined that even if Thomas-El had established such a deprivation, he had not established that Meyer, who worked in the MDOC Finance Department in Jefferson City, was aware of and deliberately disregarded a risk to Thomas-El's health or safety.  The Court noted that Thomas-El based his theory of recovery on Meyer's alleged failure to follow MDOC rules or policies when managing his inmate account, and that Thomas-El's complaint did not state a claim of constitutional dimension.  The Court also determined that Thomas-El failed to state a viable First-Amendment claim.  The Court concluded that Thomas-El's original complaint was subject to dismissal for failure to state a claim upon which relief can be granted, but did not dismiss the action at that time, and instead gave Thomas-El the opportunity to file an amended complaint.  In so doing, the Court clearly explained the reasons the complaint was subject to dismissal and gave Thomas-El clear instructions about how to prepare the amended complaint.

     Thomas-El timely filed an amended complaint against Meyer, but the amended complaint contained the same defects as the first.  Thomas-El essentially restated his prior assertions in support of his belief that Meyer wrongfully failed to follow MDOC rules or policies in managing

his inmate account. He indicated an intent to assert claims against Meyer premised upon an Informal Resolution Request ("IRR") and subsequent placement in Administrative Segregation, but he did not allege Meyer was involved in the IRR or the placement in segregation. Thomas-El alleged that from August 31, 2020, to May 31, 2021, he was forced to choose between filing legal documents and having necessary hygiene supplies, but he alleged no facts that the Court could construe as stating a claim of constitutional dimension. On review, the Court concluded that Thomas-El's allegations did not establish that Meyer actually knew of, and deliberately disregarded, an excessive risk to his health or safety, as required to state a plausible Eighth-Amendment claim against her. The Court also determined that Thomas-El did not state a cognizable claim by alleging Meyer was responsible for recouping multiple filing fees to the point his monthly pay was depleted, or by alleging Meyer violated MDOC policies. Finally, the Court concluded that Thomas-El failed to allege facts that would state a claim against Meyer premised upon retaliatory discipline or denial of access to the courts. On February 17, 2022, the Court dismissed the amended complaint.

      Thomas-El filed this motion on March 16, 2022. In it he states he "presents exhibits A, B, C, and D, for this Courts review in conjunction with his Amended Complaint," and he asks the Court to "reinstate this complaint and allow for discovery to be had." Doc. 14 at p. 3. Exhibits A and C are letters from Thomas-El to the MDOC Finance Office in Jefferson City. In the first letter, which is dated August 26, 2020, Thomas-El noted his account was being debited and that he could not afford legal supplies or hygiene items, and he asked the Finance Office to contact him to find a solution. The second letter is dated January 7, 2021, and is addressed to Meyer personally. In the letter, Thomas-El wrote: "This is my second time writing you concerning your office deducting 80% of my State Pay each month" and leaving only $1.50 in the account, which was insufficient for him to buy toothpaste and deodorant. Doc. 14-1 at p. 3.

3

The letter further stated that Thomas-El had recently been assigned to the Administrative Segregation unit, and it asks Meyer to "Please leave me with at least five dollars to purchase hygiene items as I will be in the above mentioned housing unit" for a while. *Id.* Exhibits B and D are copies of Meyer's responses, dated August 31, 2020, and January 12, 2021, respectively. They provide that "A minimum of $5.00 restriction does not apply when you owe Filing Fee Debt." *Id.* at pp. 2, 4. Thomas-El makes no attempt to establish that the exhibits amount to newly discovered evidence, nor does he explain why his motion or the exhibits provide a basis for this Court to alter or amend its February 17, 2022, orders dismissing this action.

## Discussion

Thomas-El filed his motion pursuant to Rule 59(e), which allows a court to alter or amend a judgment upon a motion filed no later than 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions "serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citations omitted). A Rule 59(e) motion "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in *extraordinary circumstances*." *Barnett v. Roper*, 941 F. Supp. 2d 1099, 1104 (E.D. Mo. 2013) (citation omitted) (emphasis in *Barnett*). Rule 59(e) motions cannot be used to relitigate old matters, nor can they be used to introduce evidence, theories, or arguments that could have been offered or raised prior to the entry of judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008); *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.

Having carefully considered Thomas-El's motion, the Court finds no basis for altering or amending its prior judgment or relieving Thomas-El from it. The motion does not point to any manifest errors of law or fact. Instead, it amounts, at most, to a reassertion of the claims and supporting allegations Thomas-El presented in his original and amended complaints.

4

Additionally, the Court does not consider Thomas-El's exhibits as newly discovered evidence. Thomas-El does not assert, nor does any basis exist to conclude, that he discovered the exhibits after judgment was entered. Even if he had, the exhibits simply support Thomas-El's assertions from the original and amended complaints, and consideration of them would not yield a different result. *See Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 (to prevail on a Rule 59(e) motion, a movant must show, among other things, that the new evidence was discovered after trial and movant exercised due diligence to discover it beforehand; the evidence is not merely cumulative; and a new trial considering the evidence would likely produce a different result). The Court concludes that Thomas-El has failed to establish entitlement to relief under Rule 59(e).

Accordingly, the Court denies Thomas-El's [14] motion entitled "Plaintiff's Motion to Alter or Amend the Judgment."

So Ordered this 6th day of April 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

5